IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Criminal Case No.:   12-po-00005-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES H. TARR,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

    This matter came before Magistrate Judge Gudrun J. Rice in the United States District Court for the District of Colorado in Grand Junction, Colorado on April 23, 2012 for trial to the court.  The government was represented by Michelle Heldmyer. Defendant appeared in person with Ms. Marna Lake.

    Defendant James Tarr was charged by information filed on January 10, 2012 with one count as follows:

> **On or about December 21, 2011 in the State and District of Colorado, and within the territorial jurisdiction of the United States, specifically, the Veterans Affairs Medical Center in Grand Junction, Colorado, the defendant JAMES TARR, an unauthorized person, failed to depart the premises after having been given a lawful order to do so, in violation of Title 38, Code of Federal Regulations, Section 1.218(b)(12).**

    At trial, after the government closed its evidence, defendant moved for judgment of acquittal in accordance with Rule 29 of the Federal Rules of Criminal Procedure, which motion the Court denied.  After the close of all the evidence, including the testimony of defendant James Tarr, defendant renewed the motion for judgment of acquittal, which the I granted, finding that the evidence is insufficient to sustain a conviction.

    Title 38 of the Code of Federal Regulations at section 1.218 sets forth the

regulations controlling security and law enforcement at VA facilities.  Subparagraph (a) of that section references the rules and regulations which apply at all property under the control of the VA and to all persons entering in or on such property.

38 C.F.R. § 1.218(a)(1) provides that the VA property may be closed to the public.  The head of the facility has the authority to establish visiting hours for the convenience of the public and specific hours for the transaction of business with the public.  The VA property shall be closed to the public during other than the hours so established.  The head of the facility also has authority to designate areas within a facility as closed to the public.

38 C.F.R. § 1.218(a)(2) provides that admission to property during periods when such property is closed to the public is limited to persons authorized by the head of the facility.  No person, without authorization, shall enter upon or remain on the VA property while the property is closed.  Failure to leave such premises by unauthorized persons constitutes an offense under this paragraph.

Defendant James Tarr was charged under 38 C.F.R. § 1.218 (b), which is the schedule of offenses and penalties.   38 C.F.R. § 1.218 (b) states that conduct in violation of the rules and regulations set forth in paragraph (a) of this section subjects an offender to arrest and removal from the premises and whomever is found guilty under these rules and regulations while on property under the charge and control of VA is subject to a fine as stated in the schedule or may  be subject to a term of imprisonment of not more than six months as may be determined appropriate by a magistrate or judge of the United States District Court.

Defendant Tarr was charged with failure to depart premises by unauthorized persons, in violation of 38 C.F.R. § 1.218 (b)(12), which would subject him to a possible fine of $50.00.

The rule and regulation applicable to defendant Tarr, which the head of the VA facility in Grand Junction, Colorado had the authority to enforce and which rule and regulation had been posted on a conspicuous place on the property, is the rule set forth in 38 C.F.R. § 1.218 (a)(2) pertaining to **closure** of the VA facility and failure of persons unauthorized to be in the closed facility to depart the facility.   Both the government and defendant concur that 38 C.F.R. § 1.218 (a)(2) is the operative rule or regulation, the violation of which has been charged in this case.

I find from the evidence presented in this case on April 23, 2012 that defendant is a veteran.  Defendant is the holder of a veteran's affairs identification card issued by the Department of Veterans Affairs in the name of James Howard Tarr ( Defendant's Exhibit A).  Defendant receives medical treatment at the Veterans Administration Medical

Facility in Grand Junction and had a two hour medical appointment scheduled at 2:00 in the afternoon of December 21, 2011. (Government's Exhibit 1)

Defendant James Tarr was confronted by law enforcement officers at about 9:00 AM on December 21, 2011, while having coffee with a patient in the Community Living Center (CLC) of the Veteran's Administration Medical Center.  Defendant was confronted by law enforcement officers during regular visiting hours which had been established by the head of the facility.  The property was not closed to the public at the time of the encounter between defendant and law enforcement officers.

Defendant was asked by the law enforcement officers about the purpose of his visit to the VA hospital.  Defendant was asked to leave by law enforcement officers and declined to do so unless he was arrested or cited.  He was then cited for violating 38 C.F.R. § 1.218(b)(12).

38 C.F.R. § 1.218 (a)(2) states that no person, without authorization, shall enter upon or remain on such property while the property is closed.  Failure to leave closed premises by an unauthorized person constitutes the offense.  A veteran visiting the facility during regular visiting hours who fails to depart the premises at the request of law enforcement officers does not constitute the offense charged.

Defendant, a veteran, was on the property of the VA Medical Center while it was open, during a time when regular business was being transacted and during visiting hours at the facility.  The government has not shown, even if applicable under the circumstances of this case, that defendant was an unauthorized person.

I therefore grant defendant's motion for judgment of acquittal because the evidence presented by both the government and the defense during the trial to the court of James Tarr is insufficient to sustain a conviction.

Defendant's Motion for Judgment of Acquittal is GRANTED.

Dated this 24th day of April, 2012.

BY THE COURT:

s/ Gudrun J. Rice
_____

Gudrun J. Rice
United States Magistrate Judge